John Tehranian (Bar No. 211616)
jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Jonathan O. Ballard (Bar No. 327489)
jballard@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiff
Alexander Bayonne Stross

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER BAYONNE STROSS, an individual,<br><br>                Plaintiff<br><br>     v.<br><br>NEXTLUXURYDOTCOM LLC, a Wyoming limited liability company; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.  2:21-cv-01181<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Alexander Bayonne Stross ("Plaintiff"), by and through his attorneys of record, complains against Defendants NextLuxuryDotCom LLC ("NextLuxury") and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their multiple acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. The Court also has personal jurisdiction over Defendants in this action because of their contacts with the State of California, including their continuous and systematic business activities in this judicial district. Upon information and belief, Defendants also derive substantial revenues from commercial activities in California and have purposefully availed themselves of the California marketplace and their consumers through a multiplicity of acts directed towards California, including, without limitation: soliciting and engaging in numerous commercial activities with California users and/or California-related content, operating a highly interactive website, contracting with and referring sales to California-based companies, publishing advertisements that geo-target California users, and using the lure of infringing materials to openly encourage California users to visit their website. As a result, there is a direct and substantial nexus between Plaintiff's claims in this case and Defendants' transaction of business with their California users.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because Defendants may be found and transact business in this judicial district, and the injury suffered by Stross took place in this judicial district.

## PARTIES

4. Plaintiff is an individual residing in Austin, Texas.

5. Plaintiff is informed and believes that Defendant NextLuxuryDotCom LLC is a limited liability company organized under the laws of the State of Wyoming with its principal place of business located at 5940 S. Rainbow Blvd., Ste. 400, Las Vegas, Nevada 89118-2507.

6. Plaintiff is informed and believes that NextLuxury owns, operates and/or controls the website located at https://nextluxury.com/.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

*Plaintiff and His Copyrighted Works*

8. Plaintiff is a professional photographer based in his hometown of Austin, Texas. Growing up in the city that "served as my inspiration to become a professional photographer, centering my expertise on complicated (but fulfilling) architectural photography and landscape photography," Plaintiff specializes in capturing stunning images of the urban and natural world in and around Austin and in Texas more broadly. Defendant's works are published and made available for licensing through his websites: https://strosstock.com/ and https://strossarts.com/.

9. Plaintiff's bold, creative works that provide unique depictions of the distinctive architecture and vernacular landscape of Texas are in high demand for commercial use and his images have been licensed for significant monetary consideration by major entities that respect intellectual property rights and the craft reflected in, and economic and artistic value provided by, Mr. Stross's work.

10. Plaintiff is the author and owner of all rights, title and interests, including the copyrights, in and to three photographs (collectively, the "Photographs") entitled, respectively:

- "cv_240310_04-940x940.jpg"
- "VII_Parade_Home_00024"
- "Skyline-Full-Res-22-of-40"

11. The photograph entitled "cv_240310_04-940x940.jpg" has been registered with the United States Copyright Office under the registration number VAu 1-103-498 (April 9, 2010).

12. The photograph entitled "VII_Parade_Home_00024" has been registered with the United States Copyright Office under the registration number VAu 1-088-759 (November 10, 2011).

13. The photograph entitled "Skyline-Full-Res-22-of-40" has been registered with the United States Copyright Office under the registration number VAu 1-126-950 (December 21, 2012).

14. Plaintiff has never licensed his copyrights in and to the Photographs to the Defendants and has never authorized any use thereof by the Defendants.

*Defendants and Their Infringing Activity*

15. Defendants own, operate and/or control the website located at https://nextluxury.com/, which describes itself as "one of the biggest independent men's lifestyle websites in the world, with a unique range of content covering men's fashion, home design, tattoos, gear and lifestyle."

16. NextLuxury's activities are unmistakably and unabashedly commercial as the business makes money by actively soliciting and selling advertising, as it encourages advertisers to "[v]isit [its] advertising page to enquire about advertising and partnership opportunities."

17. Indeed, NextLuxury discloses on its website that it "is a participant in the Amazon Services LLC Associates Program, an affiliate advertising program

designed to provide a means for sites to earn advertising fees by advertising and linking to Amazon.com." NextLuxury also discloses that "some links" on its website "may be affiliate links" and that NextLuxury "may get paid if [a website user] buy[s] something or take[s] an action after clicking one of these" links.

18. Defendants have violated federal law by infringing the copyrights to the Photographs by, *inter alia*, reproducing, distributing, and publicly displaying the Photographs, and/or derivatives thereof, in commercial materials without authorization of or payment to Plaintiff.

19. Specifically, both as part of posts entitled "50 Outdoor Garage Lighting Ideas – Exterior Illumination Designs" and "Top 70 Best Cool Showers – Unique Bathroom Design Ideas" and also in stand-alone form on their website, Defendants have reproduced, distributed and publicly displayed copies of each of the three Photographs, and/or derivatives thereof, in high-resolution formats on the their website without permission, consent, or license from Plaintiff. Attached as **Exhibit A** are true and correct screencaptures of said infringements.

20. Among other things, Defendants' unauthorized and uncompensated exploitation of the Photographs helps drive traffic to their website and this traffic translates into advertising revenue and the increased potential for promoted product sales, all of which inures to the significant ill-gotten commercial advantage of Defendants.

21. Defendants possess no valid permission, consent, or license to reproduce, publicly display, distribute, or make any other use of the Photographs. They similarly possess no permission, consent, or license to sublicense use of the Photographs. As such, Defendants' unauthorized exploitation of the Photographs violates Plaintiff's exclusive rights to the Photographs, as secured under the federal Copyright Act, 17 U.S.C. § 106, and constitutes wholesale copyright infringement.

22. Defendants' acts of infringement were willful because, *inter alia*, Plaintiff is informed and believes that Defendants are sophisticated users of intellectual property with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content for commercial exploitation. Their entire revenue-generation model depends on luring internet users to their website with their content and then selling companies advertising on their site and generating product sales based on their web traffic. Since they regularly make use of copyrighted content and have been in the business of regularly operating websites, Defendants are fully aware of the need to clear uses of photographs by obtaining permission from, and making payment to, copyright holders.

23. Defendants even claim copyright over their own websites and warn users, in their website's terms and conditions, that "[a]ll content on the [website], including without limitation . . .photos . . . are owned by or licensed to NextLuxury" and that all of the website's content "is protected by copyright as a collective work and/or compilation, pursuant to copyrights laws, and international conventions."

24. Moreover, despite repeated notifications of their infringing activities, Defendants have completely ignored Plaintiff's cease and desist requests and continued to infringe Plaintiff's copyrighted works for months thereafter, despite full knowledge of Plaintiff's rights and claims—a fact that makes the willful nature of Defendants' conduct indisputable.

25. As such, Defendants infringing actions were willful and are subject to statutory damage awards of up to $150,000 per willful act of infringement under 17 U.S.C. §§ 504(c)(2).

26. Plaintiff has attempted to reach an amicable resolution with Defendants regarding their infringement activity. However, his attempts to do so have been completely ignored. Thus, although all reasonable efforts have been

made to avoid litigation, Defendants have given Plaintiff no alternative but to file suit to protect his intellectual property rights from willful infringement.

### FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501)**

27. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 26 above.

28. Plaintiff is the owner of all rights, title and interest in the copyright to the Photographs, which substantially consist of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights and the Photographs are registered with the United States Copyright Office.

29. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by reproducing, displaying, distributing, creating derivative works, and utilizing the Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq*.

30. Defendants' acts of infringement are willful because, *inter alia*, Defendants are sophisticated parties with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

31. Defendants, despite such knowledge, willfully reproduced, displayed distributed, created derivative works of, and utilized the Photographs. Moreover, despite being put on specific and irrefutable notice that Plaintiff was the copyright holder to the Photograph and any licensing or use of the Photographs infringed Plaintiff's copyrights, Defendants continued to publicly display and use the Photographs.

32. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photographs for purposes of trade, including by increased traffic to their website.

33. All of Defendants' acts are and were performed without Plaintiff's permission, license, or consent.

34. The said wrongful acts of Defendants have caused great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of his copyrights.

35. As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to his business in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon the Photographs;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons

in active concert or participation with them, which infringe upon the Photographs, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon the Photographs as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

  3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by him by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

  4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

  5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

  6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505;

  7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505; and

/ / /
/ / /
/ / /

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  February 9, 2021  **ONE LLP**

By: /s/ John Tehranian
John Tehranian
Jonathan O. Ballard

Attorneys for Plaintiff
Alexander Bayonne Stross

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated: February 9, 2021

ONE LLP

By: /s/ John Tehranian
John Tehranian
Jonathan O. Ballard

Attorneys for Plaintiff
Alexander Bayonne Stross

**COMPLAINT**